**[Cite as *State v. Hull*, 2022-Ohio-4274.]**

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CURTIS HULL | : | Case No. 22-CA-10 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 20CR12-0294


JUDGMENT:      Sentence Vacated and Remanded


DATE OF JUDGMENT:      November 29, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHARLES T. MCCONVILLE      TODD W. BARSTOW
117 East High Street      261 West Johnstown Road
Suite 234      Suite 204
Mount Vernon, OH 43050      Columbus, OH 43230

*Wise, Earle, P.J.*

{¶ 1}　Defendant-Appellant, Curtis Hull, appeals his May 12, 2022 sentence from the Court of Common Pleas of Knox County, Ohio.　Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}　On December 14, 2020, the Knox County Grand Jury indicted appellant on one count of failure to use turn signal in violation of R.C. 4511.39 (Count 1), one count of failure to stop at grade crossing in violation of R.C. 4511.61(D) (Count 2), one count of failure to comply with order or signal of police officer in violation of R.C. 2921.331(B) (Count 3), one count of driving under lifetime suspension in violation of R.C. 4510.18(A) (Count 4), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) (Count 5), and one count of criminal damaging in violation of R.C. 2909.06(A)(1) (Count 6).

{¶ 3}　On April 18, 2022, appellant pled no contest to the charges.　The trial court found appellant guilty of all charges.　A sentencing hearing was held on May 11, 2022. By judgment entry filed May 12, 2022, the trial court sentenced appellant to thirty months on Count 3, thirty months on Count 4, and thirty months on Count 5, to be served consecutively, and ninety days on Count six, to be served concurrently to the consecutive sentences.

{¶ 4}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignments of error are as follows:

I

{¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

II

{¶ 6} "APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE THEREBY DEPRIVING HIM OF THE EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I

{¶ 7} In his first assignment of error, appellant claims the trial court erred in improperly sentencing him to consecutive terms in contravention of Ohio's sentencing statutes. We agree.

{¶ 8} In his appellate brief at 3, appellant argues the trial court fell short of the mandate announced in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, wherein the Supreme Court of Ohio held at ¶ 37: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." Appellant argues the trial court failed to justify consecutive service between Counts 4 and 5 during the sentencing hearing.

{¶ 9} In its appellate brief at 5, the state concedes the issue: "However, the transcript does not contain the findings from R.C. 2929.14(C) that consecutive service is

necessary to protect the public from future crimes by the offender, and that consecutive sentences are not disproportionate to the defendant's conduct."

{¶ 10} Upon review, we find the trial court erred in imposing consecutive sentences. We vacate the sentence and remand the matter to the trial court for resentencing pursuant to R.C. 2929.14(C)(4) and *Bonnell.*

{¶ 11} Assignment of Error I is granted.

II

{¶ 12} In his second assignment of error, appellant claims his trial counsel was ineffective by failing to keep him informed of plea offers. Because of our decision in the first assignment of error, we find this assignment to be premature.

{¶ 13} The sentence of the Court of Common Pleas of Knox County, Ohio is hereby vacated, and the matter is remanded to said court for resentencing consistent with this opinion.

By Wise, Earle, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/db